FILED

2003 DEC -9 P 3: 10

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONNA S. JUTE, | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| | : | 3:01CV123(AVC) |
| v. | : | |
| | : | |
| HAMILTON SUNDSTRAND CORPORATION, | : | |
| Defendant | : | December 8, 2003 |

## LOCAL RULE 56(a)2 STATEMENT

1. Admit

2. Admit that the CBA dictated how promotions were to be made and deny the remainder. (CBA at 25, Def. Ex. B)

3. Admit

4. Plaintiff admits that she provided two sworn statements stating that she had witnessed a female co-worker leave flyers about Brunton in a Company ladies' restroom. Plaintiff denies the remainder. (Jute Dep. III at 41-42, 75-76)

5. Plaintiff admits that she did not file a complaint in the Brunton matter and denies the remainder.(Id.)

6. Admit

7. Admit

8. Deny (Dep. of Maryann Brunton, Def. Exh. G, 142-43, 441)

9. Deny (Id.)

10. Admit

11. Admit that Crowe-Hagans was the decision-maker as to the layoff of Labor Grade 7s in January 2000. Deny the remainder. (Jute Dep. I at 37, 77,197; Jute Dep.III at 42-44; Delgado Dep. at 35; Crowe-Hagan Dep. at 10)

12. Deny (<u>Id</u>.)

13. Admit

14. Admit

15. Admit

16. Admit

17. Admit

18. Admit

19. Deny (Jute Dep. I at 68-70; CBA at 25, Def. Exh. B)

20. Admit

21. Admit that on December 14, 1998, plaintiff revoked her acceptance of the training that would qualify her for a promotion to a Labor Grade 5 position. Deny the remainder. (Def. Exh. L)

22. Admit that Jute did not want to accept the promotion *on second shift* in December 1998 because she had concerns about who would take care of her daughter.

23. Admit

24. Admit

25. Deny (see Jet Agreement) Def. Exh. J

26. Admit

27. Admit

28. Admit

29. Admit

30. Deny (Jute Dep. II at 104-105)

31. Admit

32. Admit

33. Admit

34. Admit

35. Deny (Zarzicki Dep. at 12, 21-23, 25, 30, 38 Richard Jute Dep. at 15-17, Jute Dep. II at 107-112; Exh. 16 (LZ e-mails)

36. Admit

37. Deny (Yost Dep. at 20)

## DISPUTED ISSUES OF MATERIAL FACT

1. Following the resignation of John Gamache, plaintiff experienced harassment by management, which continued for years. (Exh. 1, Jute Dep. I at 97-104, Exh. 3, Jute dep. III at 20-21).

2. Donna Jute gave statements to defendant's internal security department at the request of Ms. Brunton, not the company. Such statements supported Ms. Brunton's claims under Title VII against the company. (Jute dep. I at 41-42, III at 75; Exh. 4)

3. Donna Jute was named as a witness in Ms. Brunton's lawsuit on July 9, 1998 and her statements became part of the record in that lawsuit. (Def. Exh. G, Jute dep. I at 87-88).

4. Plaintiff was promised a promotion to Labor Grade 5 for her work on the JDE team. (Jute depo. II at 30, 60-63, Affid. of MacLean and Ducas)

5. Donna Jute was removed from the JDE team on July 10, 1998 because she had been named as a witness in the Brunton lawsuit and because of the John Gamache incident. She was the only team member removed from the team. (Jute dep. I at 77, 220, II at 31-35, 52-53, III at 61-62).

6. Plaintiff was denied an opportunity to get a salaried position working with the IT/IS department in retaliation for her protected activities in connection with John Gamache and the Brunton matter. (Jute dep. I at 43, II at 44-45, 94-97; Exh. 6)

7. Jute was not allowed to teach aerobics classes in retaliation for protected activities. (Jute dep. II at 47-51).

8. Jute wanted to become a Labor Grade 5 to keep her job and defendant knew that she wanted to be a Labor Grade 5, despite her inability to work on second

shift. (Jute dep. II at 27-29, 79)

9. Defendant intentionally made Jute the "cutoff point" in retaliation for her protected activities. (Exh. 8, Jute dep. II at 66-68)

10. Ingrid Delgado told plaintiff "face it, your harassment is never going to stop. Go find another job." (Jute dep. I at 91-96, II at 79)

11. By signing a rescission of her acceptance of the opportunity to train to qualify for a promotion on second shift, plaintiff was not refusing the training or a promotion and the company was aware of this. (Jute dep. II at 79)

12. Plaintiff should have been promoted to a Labor Grade 5 by virtue of having been deemed qualified and obtaining her inspection stamp. (Def. Exh. J, 3(e)).

13. The difference between a Labor Grade 5 and 7 is the ability to accept and reject work. (Exh. 9)

14. Brad Dahlquist told plaintiff in April, 1999 that if she got her stamp she would get her Labor Grade 5. He told plaintiff he was going to talk to TC about it. (Jute depo. I at 60, II at 81-82, 84, 90; Affid. of R. MacLean).

15. The Collective Bargaining Agreement would not have prohibited plaintiff's promotion of first shift. (Def. Exh. B, Jute dep. II at 69, 83-84, Exh. 8)

16. Plaintiff was not permitted to travel with the JDE team in 1999 in retaliation for her protected activities. (Jute dep. III at 23, 60; Affid. of R.MacLean)

17. Plaintiff was offered and trained for a salaried position under Byron Yost in

December 1999 - January 2000. The offer was rescinded in retaliation for plaintiff's protected activities. (Jute dep. I at 44, 198, 208; II at 98-103; Affid. of L.Ducas)

18. Plaintiff was treated differently than other employees who had not engaged in protected activities. (Exh. 10, Exh. 11, Affid. of L. Ducas, Jute dep. II at 115-116, 132-133;Jute dep. I at 69,83)

19. Plaintiff was doing the job of a Labor Grade 5 on first shift once she got her stamp. (Jute dep. II at 83-84)

20. James Foley, who had less seniority, was given a Labor Grade 5 position on first shift at the time plaintiff was laid off.(Jute dep. I at 69, 83)

21. Plaintiff's name was not on the list of potential rehires provided to IFC in retaliation for her protected activities. (Jute dep. II at 115-116, 132-133; Affid. of L.Ducas)

22. Plaintiff was offered a job at IFC by Russell Hubley in November, 2000. The job offer was rescinded because Hamilton told IFC that plaintiff had a "lawsuit" against the company, which was not true, and in retaliation for protected activities. (Exh. 13 at 15-17, Exh. 14 at 12, 21,22 Affid.of MacLean and Ducas, Exh. 15, Exh. 16; Jute depo. I at 47-48, 162-174, 188-197, II at 107-113, III at 29-33, Exh. 17 at 19-20).

23. Plaintiff has exhausted administrative remedies as to all her claims. (Exh. 18,

Def. Exh. P)

24. Natonia Crowe-Hagans considered eliminating all Labor Grade 7s as early as 1997. She interfered with plaintiff's promotion to Labor Grade 5, which would have allowed plaintiff to keep her job, in retaliation for plaintiff's protected activity (Exh. 19, Crowe-Hagans dep. at 36; Jute dep. I at 72, 212-213; II at 42,102, 106).

                                                THE PLAINTIFF, DONNA JUTE

                                                Barbara E. Gardner, CT07623
Attorney at Law
843 Main Street
Suite 1-4
Manchester, CT 06040
(860)643-5543(phone)
(860)645-9554(fax)
bg@bgardnerlaw.com

## CERTIFICATION

This will certify that a copy of the foregoing was mailed, postage prepaid, on this 8th day of December, 2003 to the following counsel of record:

Daniel A. Schwartz
Day, Berry & Howard
CityPlace
Hartford, CT 06103-3499

*Barbara E. Gardner*
Barbara E. Gardner