UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONNA S. JUTE,                     :        CIVIL ACTION NO.
           Plaintiff,       :        3:01CV123(AVC)
v.                                 :
                    :
HAMILTON SUNDSTRAND                :
CORPORATION,                       :
           Defendant.       :        JANUARY 7, 2004

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
## MOTION FOR SUMMARY JUDGMENT

## I.    PRELIMINARY STATEMENT

Defendant, Hamilton Sundstrand Corporation ("Hamilton Sundstrand" or the "Company"), respectfully submits this reply brief in support of its Motion for Summary Judgment ("Hamilton's Motion"). Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment ("Pl. Br.") fails to address key arguments raised by the Defendant, and instead suggests new theories or new causes of action not previously plead or alleged. Despite the Plaintiff's attempt to distract this court from the key issues in this case, fatal flaws still remain. Specifically:

- Plaintiff has not pointed to any conduct which is a "protected activity" giving rise to a retaliation claim;

- Plaintiff cannot establish a prima facie case of retaliation against the Company because she has not shown a causal connection between her alleged protected activity and her termination;

- Even if Plaintiff could establish a prima facie case of retaliation under state or federal law, Plaintiff has not even challenged the legitimate nondiscriminatory

reasons proffered by Hamilton Sundstrand and has provided no evidence that such

reasons were pretextual; and,

- Plaintiff has not proven that any employee of Hamilton Sundstrand provided a

   "negative job reference" that caused her not to be hired by another company.

For these reasons, discussed in more detail below, Defendant's Motion for Summary

Judgment should be granted.

## II.    ARGUMENT

### A.    Plaintiff Has Not Provided Evidence of a "Protected Activity"

Plaintiff asserts that two events in 1994 and 1998 constitute "protected activities."[1]  (Pl. Br.

at 21-22.)  Ms. Jute's claims undisputedly fail if she cannot show that she engaged in some

"protected activity" conduct.  Here, Ms. Jute assertions fall far short of establishing a necessary

element of a retaliation claim.  42 U.S.C. § 2000e-3(a).

Plaintiff first contends that she provided her two written statements to Hamilton Sundstrand

at Ms. Brunton's request, not at the Company's request.  (Pl. Br. at 4, 21.)  This distinction,

according to Plaintiff, makes it self-evident that she was "participating" in a Title VII proceeding.

However, the testimony she cites does not support that claim.  In fact, according to the testimony

---

[1] Plaintiff does assert that her complaint about her supervisor in 1990 is also protected
conduct. Defendant has previously addressed this in its earlier brief (Defendant's Mem. at 3, n.1)
and incorporates the arguments made therein. Moreover, Defendant does not dispute that her
complaint in 2000 to the Connecticut Commission on Human Rights and Opportunities could
constitute a "protected activity." However, she must still show that she possessed a "good faith,
reasonable belief that the underlying challenged actions of the employer violated that law." Quinn
v. Green Tree Credit Corp., 159 F.3d 759, 769 (2d Cir. 1998) (internal quotations omitted). She
cannot do so here for the reasons addressed herein. In any event, Plaintiff's 2000 CHRO charge is

-2-

cited, Ms. Brunton merely asked Ms. Jute to cooperate in an investigation conducted <u>by the Company</u>. (Jute Dep. III, at 75, Pl. Ex. 3.)[2] Moreover, Ms. Jute admitted in her deposition that the statements that she did prepare were done at the <u>Company's</u> request. (Jute Dep. III at 41.) In any event, even if the statements Ms. Jute provided were done, in part, because Ms. Brunton requested it – which is not supported by the record – the statements themselves are not protected because they were not part of a Title VII proceeding.

Plaintiff contends that the "participation" clause must be read so broadly as to include her statements in the Company's internal investigation. (Pl. Br. at 21). However, she completely ignores ample caselaw that requires an employee's participation to be <u>in a Title VII proceeding or investigation</u>; participation in a company's internal investigation does not constitute a "protected activity." <u>See e.g.</u> <u>Brower v. Runyon</u>, 178 F.3d 1002, 1006 (8th Cir. 1999) (holding that the participation clause does not apply absent "the beginning of a proceeding or investigation under Title VII"). "At a minimum, some employee must file a charge with the EEOC (or its designated representative) or otherwise instigate proceedings under the statute for the conduct to come under the participation clause." <u>EEOC v. Total Sys. Serv.</u>, 221 F.3d 1171, 1174 n.2 (11th Cir. 2000) (citing cases).[3] While this appears to be an issue of first impression in this Circuit and District,[4]

---

only relevant to Plaintiff's claim that Hamilton Sundstrand retaliated against her by providing a negative job reference about her. This claim will be addressed later in this brief.

[2] Ms. Jute has not attached an affidavit supporting her allegation by Ms. Brunton.

[3] The fact that Ms. Brunton brought a lawsuit over a year later does not convert Ms. Jute's earlier statements into participation in a Title VII proceeding. Ms. Jute never provided any affidavits or any statements in Ms. Brunton's lawsuit. Although Ms. Jute has asserted that Hamilton "knew…that plaintiff was a witness for the plaintiff in [Ms. Brunton's] case," she has not provided any support for that assertion (Pl. Br. at 22) and it is not supported by the record.

Plaintiff's definition of what constitutes "participation" is overly broad and not supported by the plain language of the statute limiting protection to participation in proceedings under Title VII. This court should find that Ms. Jute's submission of statements as part of Hamilton Sundstrand's internal investigation does not constitute a protected activity.

Although Plaintiff took no actions, either directly or indirectly, in support of or related to Ms. Brunton's later lawsuit against Hamilton Sundstrand, (Jute Dep. III, 40-42; Def. Ex. F), Ms. Jute nevertheless contends that Ms. Brunton's passing deposition reference to her also constitutes "participation." (Pl. Br. at 21.)[5] However, such an expansive interpretation of the participation clause again would render it meaningless. Under Plaintiff's theory, anytime any person's name is even mentioned as part of a Title VII case, the person would automatically be viewed as "participating" in the proceeding. Again, while the Second Circuit has an expansive definition of "participation", even this definition has limits that require <u>some</u> action by the plaintiff. Here, the

---

[4] Although the Plaintiff cites to <u>Deravin v. Kerik</u>, 335 F.3d 195 (2d Cir. 2003) for the Second Circuit's expansive view of the participation clause, <u>Deravin</u> did not address, much less supersede, the statutory requirement that "participation" involve a proceeding under Title VII. <u>Cf.</u> <u>Rusnak v. Housing Authority of the City of Bridgeport</u>, 963 F. Supp. 161 (D. Conn. 1997) (in post-trial motion, Court concluded that assistance by an employer's EEO Officer to employee in an internal grievance alleging age discrimination constituted "participation" in an age discrimination proceeding.) In this case, Ms. Brunton merely complained that flyers distributed as part of a <u>union</u> election campaign were unfair and asked the Company to investigate; therefore, Ms. Jute was not involved in a proceeding <u>under Title VII.</u>

[5] In Statement 9 of her Local Rule 56(a)2 statement, Ms. Jute denies the Defendant's assertion that she " had no involvement whatsoever in the litigation of [the Brunton] matter." However, the only evidence she supplies for the denial are the deposition transcripts from Ms. Brunton's deposition. Thus, Ms. Jute has no evidence – other than this deposition transcript cite – to rely on for her alleged involvement with Ms. Brunton's lawsuit and the only relevant question for the court is whether those references in Ms. Brunton's deposition constitute "participation" by Ms. Jute.

reference to Ms. Jute in the deposition of Ms. Brunton cannot, as a matter of law, elevate Ms. Jute to thus "participating" in Ms. Brunton's lawsuit. For these reasons, Plaintiff has not established that she engaged in a "protected activity" and her claims of retaliation (other than her claim of a negative job reference) must fail.[6]

**B.     Plaintiff Has Not Shown a Causal Link Between Her Alleged Protected Activities and Her Termination**

Another essential element of Plaintiff's burden of proof is to show that the decision-maker was aware of the alleged protected activity. Without such requisite knowledge, and without additional proof, Plaintiff cannot show a causal link between her "protected activities" and her termination. Here, Plaintiff claims that her "participation" was known to Ms. Crowe-Hagans – the undisputed decision-maker in this case. (Pl. Br. at 22.) The Plaintiff relies on Treglia v. Town of Manilus, 313 F.3d 713, 721 (2d Cir. 2002) for the proposition that a jury need not believe Ms. Crowe-Hagans' testimony that she was unaware of Plaintiff's alleged protected activities in 1994 and 1998 (and therefore find that she did have the requisite knowledge). However, Treglia is easily distinguished from this case. In Treglia, the Plaintiff offered undisputed evidence that the decision-maker explicitly referred to the Plaintiff's lawsuit by saying that "if [Treglia] wants to play hard ball, we can swing the bat back and play hard ball too." Id. at 722. In light of such evidence, it is self-evident why the Second Circuit reversed summary judgment and found that such comments could provide support of the Plaintiff's retaliation claim.

---

[6] Plaintiff does not argue that her conduct in 1994 or 1998 falls within the "opposition" clause of Title VII's retaliation provisions.

Here, Ms. Jute has merely claimed – <u>without any evidence</u> – that the decision-maker "must" have been aware of Ms. Jute's alleged protected activities and that a jury could therefore disbelieve Ms. Crowe-Hagans' testimony to the contrary. (Pl. Br. at 22-23.) However, in order to defeat summary judgment, the Plaintiff must present specific facts in support of her theories, not mere conclusions. Fed. R. Civ. P. 56(e). A jury is not entitled to ignore evidence that Ms. Crowe-Hagans was unaware of such claims where there is no evidence to the contrary. Indeed here, even the Plaintiff has admitted that she has no first-hand knowledge that Ms. Crowe-Hagans was aware of the alleged protected activities and that it was just an "assumption" on her part. (Jute Dep. I at 78; Def. Ex. D.) Because Plaintiff has not provided any evidence to demonstrate that the decision-maker was aware of Ms. Jute's protected activities, and therefore, cannot show that her termination was caused by her protected activities, this court must grant summary judgment to the Defendant.[7]

C.     **Many of Plaintiff's New Claims are Time-Barred or Unfounded**

Plaintiff next claims that she was not promoted on numerous occasions which then, in turn, left her susceptible to being terminated as part of the reduction in force in 2000. Importantly, Ms. Jute has admitted to the genuineness of the actual termination decision by the Company and the

---

[7] Plaintiff has contended, without any citation to the record, that two human resources employees, Ingrid Delgado and Thomas Cryer, were aware of the plaintiff's protected activities. (Pl. Br. at 22-23.) Such a contention is again, without factual support. First, there is no evidence that Mr. Cryer or Ms. Delgado were, in fact, aware of these activities nor that Mr. Cryer "interfaced" with Ms. Crowe-Hagans "often." (Pl. Br. at 23.) Second, even if they were aware, there is no evidence whatsoever that they communicated that fact that Ms. Crowe-Hagans. Without that link, summary judgment on Plaintiff's claims is appropriate.

non-discriminatory reasons behind it. (See Local Rule 56(a)2 Statement, Statements 26-29.)[8]

However, her claims of failure to promote are time-barred and her "continuing violation" theory is

inapplicable.[9]  Defendant has previously addressed the statute of limitations bar and incorporates

its arguments made previously.

However, Plaintiff's fallback theory that the Company's conduct constituted a "continuing

violation" is not applicable here. "[M]ultiple incidents of discrimination, even similar ones, that

are not the result of a discriminatory policy or mechanism do not amount to a continuing

violation." Lambert v. Genesee Hosp., 10 F.3d 46, 53 (2d Cir.1993) (internal citations omitted);

see Quinn v. Green Tree Credit Corp., 159 F.3d 759, 765 (2d Cir. 1998).  The continuing violation

exception applies only where there is evidence of specific discriminatory practices and "a

relationship" between such actions and an invalid, underlying policy. Connecticut Power & Light

Co. v. Sec'y of U.S. Dep't of Labor, 85 F.3d 89, 96 (2d Cir. 1996).  Moreover, promotion denials

"constitute separate and distinct acts that are not continuing in nature." Roberts v. Judicial Dep't,

2001 U.S. Dist. LEXIS 14354 (D. Conn. 2001). See Mills v. Conn., Judicial Dep't, 2003 U.S. Dist.

---

[8] Strangely, Plaintiff denies that she admitted that the reason for her termination was a due to her failure to accept a promotion to second shift, even though her deposition testimony on the subject is clear and unequivocal. (Local Rule 56(a)2 Statement, Statement 30.)

[9] To the extent that Ms. Jute is now basing her claims on other alleged adverse employment actions not referenced in her CHRO charge, such as the Company allegedly interfering with an opportunity for Ms. Jute to be an aerobics instructor, (Pl. Br. at 24), these claims are also barred because she has failed to exhaust her administrative remedies.  A district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." Butts v. New York Dep't of Hous. Preservation & Dev., 990 F.2d 1397 (2d Cir. 1993). These other employment actions are not "reasonably" related to a failure to promote claim and a termination claim.

LEXIS 5664 (D. Conn., 2003); see also Choi v. Chemical Bank, 939 F. Supp. 304, 311 (S.D.N.Y. 1996) (the continuing-violation exception does not apply to discrete incidents of nonpromotion).

Accordingly, to avoid summary judgment, Plaintiff must produce evidence that the promotion denials and her eventual termination resulted from some underlying policy or mechanism of discrimination. Here, she has not done so. Plaintiff has not referenced any underlying policy or mechanism for discrimination;[10] rather, she claims that Ms. Crowe-Hagans specifically targeted her because of her conduct. This type of claim does not fall within the "continuing violation" exception and therefore, all alleged adverse employment actions other than her termination are time-barred.

### D.    Plaintiff Has Failed to Offer Specific Facts that the Company Provided a Negative Job Reference That Caused Her Not be Hired by UTC Power

Plaintiff, in her brief, does not contend that the Company provided a "negative job reference" to a UTC Power employee, Russell Hubley, who was considering her for a position; rather, she contends that the Company informed Mr. Hubley that Ms. Jute had a "lawsuit" against

---

[10] To the extent that Ms. Jute seeks to challenge decisions made pursuant to the Collective Bargaining Agreement between her union and the Company, or seeks to enforce supposed promises made by Company employees, those decisions are preempted by the National Labor Relations Act ("NLRA") and Section 301 of the Labor Management Relations Act ("LMRA"). See Caterpillar, Inc. v. Williams, 482 U.S. at 397-98 ("the employer may contend that enforcement of the individual employment contract arguably would constitute an unfair labor practice under the NLRA, and is therefore pre-empted."); Medo Photo Supply Corp. v. NLRB, 321 U.S. 678, 684 (1944) (holding that any individual contract entered into between the Company and its individual employees would be unlawful because the NLRA makes it an unfair labor practice for an employer to bargain directly with employees over terms and conditions of employment); Textile Workers Union v. Lincoln Mills, 353 U.S. 448 (1957) (preemption under Section 301 of the LMRA is appropriate).

-8-

the Company.[11]  Simply declining to respond to a new employer by referencing pending litigation is insufficient to establish an "adverse employment action" by the Company.  See Patt v. Family Health Systems, Inc., 280 F.3d 749, 753 (7th Cir. 2002) (affirming summary judgment where plaintiff alleged negative job references but presented no hard evidence of any such references; it was not enough that a former colleague "dropped hints about his negative views" in a "mock background check" commissioned by the plaintiff); Miller v. Aluminum Co. of America, 679 F. Supp. 495, 504 (W.D. Pa.), aff'd mem., 856 F.2d 184 (3d Cir. 1988)(informing one's employees about a highly publicized lawsuit involving the firm, and assuring the employees that the claims are, in its view, unfounded does not constitute adverse employment action).  Ms. Jute also contends Mr. Yost's statement was "false" because Ms. Jute only had a CHRO and EEOC charge pending, not a lawsuit per se.  It is unreasonable to expect a layperson to understand the subtle nuances between a "charge" and a "lawsuit"; in any event, Mr. Yost conveyed the same basic information which was that he could not talk about Ms. Jute. There is no evidence to suggest that he went any further than that in his conversation with Mr. Hubley.[12]  Thus, there is no adverse

---

[11] In support of her assertion, she relies on testimony from Company employee Byron Yost. (Pl. Br. at 11-12.) Ms. Jute now suggests that Mr. Yost actually talked to Mr. Hubley about Ms. Jute's lawsuit. (Id.) In fact, Mr. Yost testified that he declined to talk with Mr. Hubley because she had a lawsuit. "[M]y response was there's a lawsuit pending with the company, and I've been advised not to discuss issues with Donna Jute." (Yost Dep. at 20, Pl. Ex. 17).  Plaintiff, in her deposition, acknowledged she has no basis for contending that Mr. Yost provided a negative job reference about her.  (Jute Dep. I at 196, Def. Ex. D.)

[12] Plaintiff also asserts that her name was not included on a list of laid off employees.  (Pl. Br. at 10.)  However, she has provided no such evidence and indeed, Defendant produced a list from 2000 in which Ms. Jute's name was on. (Def. Ex. AA, p. 29, filed under seal.)  As with other assertions, this court need not accept Plaintiff's assertion because it is not supported by specific facts as required by Fed. R. Civ. P. 56.

-9-

employment action and, as discussed in Defendant's memorandum of law, there is no causal link between the statement and Mr. Hubley's decision not to hire her.

## III.    CONCLUSION

Plaintiff contends that Hamilton Sundstrand acted to the detriment of plaintiff "each time an opportunity arose for plaintiff to be disadvantaged by the defendant in the terms and conditions of her employment or in her prospects for future employment...." (Pl. Br. at 26.) Such hyperbole aside, the evidence undisputedly shows that the Company offered Ms. Jute a promotion which would, in turn, have prevented her from eventually being laid-off. Ms. Jute – and Ms. Jute alone – made a decision to reject that promotion for personal reasons. She may regret that decision, and the decision itself may have been misguided, but nevertheless, it is that decision that contributed to her eventual layoff, not her supposed "protected activities."

There is no evidence that her layoff in 2000 and a supposed negative job reference had any relationship with her minor involvement in a company investigation in 1994. The undisputed facts show that she was terminated in a reduction in force for reasons apart from her 1994 involvement and that Hamilton Sundstrand did not interfere in her ability to get a job elsewhere. For all of these reasons, this court should grant Defendant's Motion for Summary Judgment.

DEFENDANT,
HAMILTON SUNDSTRAND
CORPORATION,

_____
Felix J. Springer (ct #05700)
Daniel A. Schwartz (ct#15823)
Day, Berry & Howard LLP
CityPlace
Hartford, CT 06103-3499
(860) 275-0100
fax: (860) 275-0343
email:  daschwartz@dbh.com

-11-

## <u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that a copy of the foregoing has been sent via electronic mail and via first class mail, postage prepaid, this date to:

Barbara E. Gardner, Esq.
843 Main Street, Suite 1-4
Manchester, CT  06040

_____
Daniel A. Schwartz